UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | | |
|---|---|---|
| JOEL ALLEN RUTIGLIANO, | ) | Case No. CV 13-01897 (AS) |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION AND** |
| | ) | |
| v. | ) | **ORDER OF REMAND** |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On October 28, 2013, Plaintiff filed a Complaint seeking review of the Commissioner's denial of Plaintiff's application for Supplemental Social Security Income. (Docket Entry No. 3). On March 3, 2014, Defendant filed an Answer and the Administrative Record ("AR"). (Docket Entry Nos. 14, 15). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 8, 9). On July 23,

2014, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 19).

The Court has taken this matter under submission without oral argument. See C.D. Local R. 7-15; "Order Re: Procedures in Social Security Case," filed October 30, 2013 (Docket Entry No. 7).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On August 3, 2010, Plaintiff, a former tester for a manufacturing company and a former deliverer for a phone book company (see AR 172), filed an application for Supplemental Social Security Income, alleging an inability to work since October 31, 2005. (See AR 148-55). At hearings on October 26, 2011 and on May 7, 2012 (during which Plaintiff was not represented by counsel), the Administrative Law Judge ("ALJ"), Lawrence I. Duran, heard testimony from Plaintiff, Plaintiff's mother, and vocational experts Roxanne Minkus and Corrine Porter. (See AR 31-44, 47-83). On May 17, 2012, the ALJ issued a decision denying Plaintiff's application. The ALJ determined that Plaintiff had severe impairments -- left ilionguinal nerve block, status post inguinal hernia repair, nystagmus, visual acuity 20/200 in left eye, astigmatism, emmetropia, asthma, left groin pain, depressive disorder, and anxiety -- but found that Plaintiff was not disabled within the meaning of the Social Security Act. (See AR 13-24).

Following the Appeals Council's denial of Plaintiff's request for a review of the hearing decision (see AR 1-4), Plaintiff filed this action in this Court.

///
///
///

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes three challenges to the ALJ's Decision. Plaintiff alleges the ALJ erred in: (1) failing to fully develop the record and obtain relevant medical evidence with an unrepresented claimant; (2) finding that Plaintiff was able to perform certain occupations (i.e., dining room attendant, bus monitor, and counter supply person, food industry); and (3) failing to properly assess Plaintiff's and Plaintiff's mother's credibility. (See Joint Stip. at 3-23).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error has merit and warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second and third claims of error.

**A.   Failure to Fully Develop the Record**

Plaintiff asserts that the ALJ failed to "fully and fairly develop the record including obtaining all relevant medical evidence which might be supportive of [Plaintiff's] claim of disability." (See Joint Stip. at 4-9). Defendant asserts that the ALJ "took numerous steps to make sure that the record was properly and fully developed." (See Joint Stip. at 9-10).

At the hearing on October 26, 2011, prior to Plaintiff signing a form waiving his right to representation, the ALJ told Plaintiff that if Plaintiff proceeded without a representative (an attorney or a non-attorney), the ALJ would "obtain the relevant medical and nonmedical records." Soon after Plaintiff waived his right to representation, the ALJ asked Plaintiff about his treatment in the emergency room at St.

Mary's Hospital on September 31, 2011. Plaintiff stated he had not made any attempt to submit those records to the Social Security Administration. (See AR 47-49). During the hearing, Plaintiff's mother testified that Plaintiff had been at St. Mary's Hospital several times in 2004 or 2005 for infections, pneumonia, pleurisy, and breathing problems. (See AR 81). The hearing was continued to a later date, during which time a consultative examination was going to be scheduled for Plaintiff. (See AR 82).

At the start of the subsequent hearing on May 7, 2012 (after Plaintiff had received ophthalmological and internal medicine consultative examinations, see AR 31), the following exchange took place:

> ALJ: We also made an attempt to obtain the medical records from St. Mary's Medical Center. They indicated they did not have any records from you. The patient's last visit was 8/31 or '11 but apparently didn't have any records though.[1]
> [PLAINTIFF]: They should have.
> ALJ: Do you -- pardon?
> [PLAINTIFF]: They should have a good amount.
> ALJ: Well, they did not send us anything. With respect to the two consultative examinations, do you have any objections to admissibility of those records?

---

[1] The record contains a Certificate of No Records signed on November 14, 2011 by Pamela Gray, the Director of Health Information Services at St Mary Medical Center. (See AR 289). The Certificate states: "I, the undersigned, being the Custodian or Keeper of Records for St. Mary Medical Center, certify that a thorough search of our files, carried out under my direction and control, based on the information provided to us for investigation, no such records were found on Joel Allen Rutigliano named in the attached authorization/subpoena. No copies of records have been provided because we do not have said records for one of more following reasons: . . . 'Patient's last vist at St. Mary Medical Center was on 8/31/11." (Id.)

4

>       [PLAINTIFF]: I, I, I, object that they don't have them.
>
>       ALJ: Pardon?
>
>       [PLAINTIFF]: I object that they don't have any records to share.

(AR 31, bracketed footnote added).

In the discussion concerning the evidence in the record, the ALJ made the following statements:

> Although the claimant has alleged an onset date of April 2, 2005, the date of the claimant's current application for benefits is May 26, 2010.[2] Supplemental security income is not payable prior to the month following the month in which the application is filed (20 CFR 416.335). The undersigned has reviewed and considered the complete medical history consistent with 20 CFR 416.912(d) (Exs. 1F-13F). The positive objective clinical and diagnostic findings since the alleged onset date detailed below do not support more restrictive limitations than those assessed herein. (AR 20, bracketed footnote added).

The record contains very few of Plaintiff's treatment records (see AR 218-32, 234-41 [Riverside County Regional Medical Center - 15 pages; University Pain Consultants - 9 pages]), and, as discussed by the ALJ (see AR 21), all concern treatment of Plaintiff starting in July 2010.

Here, the ALJ erred by failing to fully develop the record. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)("In Social Security

---

[2] [As noted above, Plaintiff actually filed his application on August 3, 2010].

cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."); Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)("[W]here the claimant is not represented, it is incumbent upon the ALJ "'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'").

The ALJ should have obtained, at a minimum, the records from St. Mary Medical Center concerning Plaintiff's emergency room visit on August 31, 2011. While the ALJ's request/authorization/subpoena to St. Mary Medical Center is not in the record, the fact that no records, including Plaintiff's treatment records from August 31, 2011, were provided appears to indicate that there was some kind of issue with the request/authorization/subpoena itself (i.e., it sought records from a different time period).

Moreover, the ALJ should have obtained, or attempted to obtain, Plaintiff's medical records near or after October 31, 2005, the onset date of disability. In an undated Disability Report - Adult, Plaintiff identified medical providers who treated him near to or after the onset date, specifically, Taylor Ho, M.D. (see AR 174 [March 2005, for hernia surgery], Inland Center Medical Group (see AR 175 [October 3, 2005, for management for hernia]), James O'Brien, M.D. (see id. [February 26, 2007, for hernia exam]), University Pain Consultants (see AR 176 [July 7, 2010, for hernia nerve block], Riverside County Regional Medical Center (see id. [July 2, 2010, for pancreatitis]), and St. Mary Medical Center (see AR 177; see also AR 195-96 [several dates in April and May 2009, breathing problems, pneumonia, blood clots in lung, and staph infection]). In a Disability Report - Appeal, Plaintiff identified medical providers who treated him near to or after the onset date, including Arrowhead Regional Medical Center Burn Unit (see AR 194 [March 31, 2009 - April 6, 2009, for treatment while in a coma]), and Riverside Regional Medical Center (see AR 195, 2008 and June 2010, for liver and

pancreas issues)].  While, as noted by the ALJ, Plaintiff may not have been entitled to benefits prior to the application date, see 20 C.F.R. § 416.335, Plaintiff's medical records prior to the application and near or after the onset date were potentially relevant to the ALJ's determinations regarding Plaintiff's impairments, symptoms, credibility and limitations with respect to the period for which he could receive benefits.

Although, as Defendant points out (see Joint Stipulation at 10), the ALJ did take some steps to develop the record, including sending Plaintiff to two separate consultative examinations after the first hearing (see AR 290-302), attempting to obtain medical records from St. Mary Medical Center based on Plaintiff's testimony at the first hearing (see AR 289), and holding the record open for 14 days after the second hearing (which took place over six months after the first hearing), in order for Plaintiff to submit medical records concerning his seizures (see AR 42-43), the ALJ's efforts were insufficient, particularly in light of the fact that Plaintiff was not represented.  Defendant's reliance on 20 C.F.R. § 416.917 ("If your medical sources cannot or will not give us sufficient information about your impairments for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests.") (see Joint Stip. at 10) is misplaced, because the two consultative examinations may not have been necessary had the ALJ obtained, or attempted to obtain, the medical records in question.

Based on the ALJ's apparently faulty effort to obtain Plaintiff's medical records from St. Mary Medical Center, and based on the ALJ's lack of effort to obtain the other medical records discussed above, the ALJ simply did not fulfill his "special duty to fully and fairly develop the record and to assure that [Plaintiff's] interests are considered." See Brown, supra.

7

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, supra, 211 F.3d at 1179-81 (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).

Since the ALJ failed to fully develop the record, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[3]

---

[3]   The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014).  Accordingly, the Court declines to rule on Plaintiff's claims regarding whether the ALJ erred in finding that Plaintiff was able to perform certain occupations and in failing to properly assess Plaintiff's and Plaintiff's mother's credibility.  Because this matter
(continued...)

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 29, 2015.

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[3] (...continued)
is being remanded for further consideration, these issues should also be considered on remand.